Ches STEWART, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 19474.

United States Court of Appeals
Fifth Circuit.

June 20, 1962.

Wm. O. Green, Jr., Rome, Ga., for appellant.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and RIVES and BROWN, Circuit Judges.

PER CURIAM.

By § 2255 proceeding, Petitioner sought to vacate the two concurrent 5-year terms imposed by the Court on his plea of guilty to the charge of stealing Government property consisting of postal money orders and equipment (18 U.S. C.A. § 641) and in uttering one specific counterfeit money order (18 U.S.C.A. § 500).

After a hearing, the stenographic record of which covers in excess of 140 pages, and in which all of Petitioner's contentions were advanced with great skill and vigor by his second court-appointed counsel, the District Judge denied the relief.

The incident of the alleged assault by a State Officer shortly after Petitioner's confinement on January 24, 1961, under the arrest for drunken driving was found to have been in no way related to the Federal offense or its investigation or prosecution. The episode occurred the day before any Federal Officers ever entered the case, and the Court rejected altogether the insinuation that there was thereafter violence of any kind, or that it had anything to do with the plea of guilty made in open court a month later on February 24, 1961. The same was true of the charge that during the first interview of Petitioner by a Postal Inspector who had been summoned by the State Sheriff, the Sheriff allowed the

Petitioner to have a can of beer. In that interview, the Petitioner denied his guilt, and it was a week or so later and on the second interview by the Postal Inspector that guilt was acknowledged.

The only serious charge was that the Postal Inspectors and the counsel appointed by the Court subsequent to plea of guilty, but prior to the sentencing—which occurred over a month later on April 3—coerced the Petitioner into entering his plea of guilty by telling him in one way or the other that unless he cooperated with the Federal authorities and entered a plea of guilty, he would spend the rest of his life in prison whereas, in contrast, he would get a one or a two-year sentence on a plea of guilty. The Court carefully and patiently heard all of the evidence, or what was offered as evidence, on this broad contention including, as it did, insinuations that his court-appointed counsel was inadequate, incompetent or appointed too late, and in any case wrongfully told Petitioner that the Judge would not allow him to withdraw the earlier plea of guilty. The Judge evaluated these charges in the light of the whole record including the categorical detailed statement made by Petitioner on arraignment declaring in many different ways that his plea of guilty was voluntary because he was guilty, and that he had not been threatened in any way nor had he received any promises or assurances of leniency. The Judge had ample basis for these and all other fact findings.

Petitioner was granted a full hearing. On such a hearing, the sentencing Court found that there was no denial of fundamental rights in connection with Petitioner's plea of guilty, the conviction based thereon, or the sentence adjudged on it. Denial of the § 2255 motion was therefore proper.

Affirmed.